RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0094-MR

TIMMY MAYNARD                                                    APPELLANT

|       | APPEAL FROM FRANKLIN CIRCUIT COURT |
|-------|------------------------------------|
| v.    | HONORABLE THOMAS D. WINGATE, JUDGE |
|       | ACTION NO. 21-CI-00189             |

COOKIE CREWS, COMMISSIONER,
KENTUCKY DEPARTMENT OF
CORRECTIONS; RANDY WHITE,
DEPUTY COMMISSIONER,
KENTUCKY DEPARTMENT OF
CORRECTIONS; SKYLA GRIEF,
DEPUTY WARDEN, KENTUCKY
STATE PENITENTIARY; JOSH
PATTON, ADJUSTMENT
COMMITTEE CHAIRMAN,
KENTUCKY STATE
PENITENTIARY; RACHEL HUGHES,
ADJUSTMENT COMMITTEE
MEMBER, KENTUCKY STATE
PENITENTIARY; SUSAN KNIGHT,
ADJUSTMENT COMMITTEE
MEMBER, KENTUCKY STATE
PENITENTIARY; DANIEL AKERS,
WARDEN, LEE ADJUSTMENT
CENTER; PATRICIA STACY, CHIEF
FINANCIAL OFFICER, LEE
ADJUSTMENT CENTER; AND
CHARLES PERRY, INMATE

ACCOUNTS FINANCIAL OFFICER,
LEE ADJUSTMENT CENTER                                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Timmy Maynard, *pro se*, brings this appeal from a November
8, 2021, Order of the Franklin Circuit Court granting summary judgment and
dismissing his complaint as time-barred under Kentucky Revised Statutes (KRS)
413.140(1)(k) and (7).  We affirm.

In late 2013, Maynard was an inmate serving a ten-year sentence of
imprisonment at the Lee Adjustment Center in Beattyville, Kentucky.  On
November 28, 2013, Maynard was involved in a physical altercation with another
inmate.  Apparently, Maynard repeatedly stabbed the victim in the head and body
with a six-inch sharp weapon.  A disciplinary hearing was conducted on January
22, 2014, and the adjustment committee found Maynard guilty of physical action
resulting in death or injury of an inmate.  The adjustment committee also imposed
restitution in the amount of $14,748.98 against Maynard for the medical expenses
associated with his victim's injuries.  On January 23, 2014, Maynard received a
notification of restriction informing him that his inmate "account shall be frozen"
as a result of the adjustment committee's decision that Maynard owed restitution in

the amount of $14,748.98. On March 10, 2014, the warden concurred with the adjustment committee's decision. Maynard did not file an appeal of the warden's decision.

Some seven years later, on March 16, 2021, Maynard filed a civil complaint in the Franklin Circuit Court. In the complaint, Maynard named the following parties as defendants: Cookie Crews, Commissioner, Kentucky Department of Corrections; Randy White, Deputy Commissioner, Kentucky Department of Corrections; Skyla Grief, Deputy Warden, Kentucky State Penitentiary; Josh Patton, Adjustment Committee Chairman, Kentucky State Penitentiary; Rachel Hughes, Adjustment Committee Member, Kentucky State Penitentiary; Susan Knight, Adjustment Committee Member, Kentucky State Penitentiary; Daniel Akers, Warden, Lee Adjustment Center; Patricia Stacy, Chief Financial Officer, Lee Adjustment Center; and Charles Perry, Inmate Accounts Financial Officer, Lee Adjustment Center. In the complaint, Maynard generally alleged that funds were being illegally seized from his inmate account to satisfy the restitution. A response and motion for summary judgment was subsequently filed by Crews, White, Grief, Patton, Hughes, and Knight (collectively referred to as appellees).[1] Therein, appellees asserted, *inter alia*, that Maynard's complaint was

_____

[1] Although Daniel Akers, Warden, Lee Adjustment Center; Patricia Stacy, Chief Financial Officer, Lee Adjustment Center; and Charles Perry, Inmate Accounts Financial Officer, Lee Adjustment Center, were named as appellees in the Notice of Appeal, they have not filed a brief

time-barred by the one-year statute of limitations found in KRS 413.140(1)(k) and (7). By Order entered November 8, 2021, the circuit court determined that the action was time-barred by KRS 413.140(1)(k) and (7); therefore, the court granted summary judgment in favor of appellees and dismissed Maynard's complaint. This appeal follows.

An appellate court's standard of review where summary judgment has been granted is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). And, the record must be viewed in a light most favorable to the non-moving party, and all doubts are to be resolved in its favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). And, as "summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Maynard contends that the circuit court erred by granting summary judgment and dismissing his complaint after it determined that "the dispute stemmed from the disciplinary hearing and was barred by the [one year] statute of

or otherwise participated in this appeal. Therefore, Akers, Stacy, and Perry are not included when referring to "appellees" in this Opinion.

limitations imposed by KRS 413.140(1)(k) and (7)." Maynard's Brief at 10. More

particularly, Maynard asserts that the five-year statute of limitations found in KRS

413.120(11) should apply as his claim is one of "unjust enrichment." Maynard's

Brief at 11. We disagree.

KRS 413.140 provides, in relevant part:

(1) The following actions shall be commenced within one
   (1) year after the cause of action accrued:

   . . . .

   (k) An action arising out of a detention facility
      disciplinary proceeding, whether based upon state
      or federal law;

   . . . .

(7) In respect to the action referred to in paragraph (k) of
   subsection (1) of this section, the cause of action shall
   be deemed to accrue on the date an appeal of the
   disciplinary proceeding is decided by the institutional
   warden.

KRS 413.140(1)(k) and (7).

KRS 413.120(11) states:

The following actions shall be commenced within five
(5) years after the cause of action accrued:

   . . . .

(11) An action for relief or damages on the ground of
   fraud or mistake.

In the case *sub judice*, the warden's decision affirming the adjustment committee's imposition of restitution for his victim's medical expenses was entered March 10, 2014. Maynard filed his complaint in the circuit court more than seven years later, on March 16, 2021. In Maynard's complaint, he alleged that appellees were improperly seizing funds from his inmate account to satisfy the restitution imposed in the detention facility disciplinary proceeding. We believe KRS 413.140(1)(k) is applicable as this action emanated from the decision to impose restitution in the prison disciplinary proceeding in 2014. And, KRS 413.140(7) clearly provides that an action arising out of a detention facility disciplinary proceeding must be commenced within one year after the cause of action accrued. The cause of action shall be deemed to accrue on the date an appeal of the disciplinary proceeding is decided by the warden. KRS 413.140(7). Here, the cause of action accrued on March 10, 2014, the date of the warden's decision affirming the adjustment committee's imposition of restitution. Therefore, Maynard's complaint filed on March 16, 2021, is time-barred by application of the one-year statute of limitations set forth in KRS 413.140(1)(k) and (7).

Thus, the circuit court properly granted summary judgment in favor of appellees and dismissed Maynard's complaint as more than one year had passed

-6-

since the warden's decision affirming the adjustment committee's imposition of restitution. We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Timmy Maynard, *Pro Se*
Fredonia, Kentucky

BRIEF FOR APPELLEES, COOKIE CREWS, COMMISSIONER; SKYLA GRIEF, DEPUTY WARDEN; RACHEL HUGHES, ADJUSTMENT COMMITTEE MEMBER; SUSAN KNIGHT, ADJUSTMENT COMMITTEE MEMBER; JOSH PATTON, ADJUSTMENT COMMITTEE CHAIRMAN; AND RANDY WHITE, DEPUTY COMMISSIONER:

John Hamlet
Department of Corrections
Frankfort, Kentucky